Pacific Refrigerating Company v. Commissioner.
Pacific Refrigerating Co. v. Commissioner
Docket No. 108235.
United States Tax Court
1943 Tax Ct. Memo LEXIS 297; 2 T.C.M. (CCH) 141; T.C.M. (RIA) 43238; May 20, 1943
*297 A. R. Hilen, Esq., for the petitioner. Arthur L. Murray, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: Respondent determined a deficiency in income tax liability for the fiscal year ended April 30, 1940, in the amount of $542.19. Petitioner is a Washington corporation with its place of business in Tacoma, Washington. It filed its return with the collector for the district of Washington. The parties are in agreement on the facts. In general, the question relates to the determination of the correct amount of a loss which petitioner sustained during the taxable year under a defaulted conditional sales contract and upon the repossession of property which it had sold under the contract in an earlier year at a loss. The property was sold on the installment basis, the vendee defaulted in payments, and petitioner repossessed the property after the default. [The Facts] The facts are as follows: Petitioner was engaged in the ice and cold storage business. On July 24, 1937, petitioner sold certain property to Dealers' Ice, Inc., under a conditional sales contract. The property consisted of a small piece of land, a small building which was an ice house and plant, *298 and machinery. The cost to petitioner of this property was as follows: Land
$ 2,000.00
Building
3,350.00
Machinery
15,000.00
Total cost
$20,350.00 As of the date of the sale, July 24, 1937, the building and machinery had depreciated to the extent of $515.25 and $4,973.13, total $5,488.38. The basis of the depreciable property, the building and machinery, on the date of sale, was $12,861.62. The basis to petitioner of all of the property on the date of sale was $14,861.62; it was sold for $10,000, resulting in a loss of $4,861.62. In its income tax return for the fiscal year ended April 30, 1938, petitioner took a deduction for a capital loss sustained upon the sale of the above property in the amount of $2,000, and respondent allowed the deduction. Petitioner retained title to the property. The vendee did not give a mortgage or any other security for payment of the purchase price. The total payments made by the vendee were $1,714.82, and this amount was received during about 2 1/2 years after the sale. In February of 1940 petitioner decided that the vendee had defaulted and petitioner repossessed the property on February 28, 1940. The unpaid balance due on the purchase *299 price was $8,285.18. Petitioner repossessed itself of the land, the building, and the machinery. However, the building and machinery had depreciated at an accelerated rate. The building was in extremely poor condition and the parties are agreed that it had no value upon repossession. The depreciated value of the building at the date of sale was $2,834.75. During the 2 1/2 years that the property was in the possession of the vendee the building deteriorated to the extent that the above depreciated value as of the date of repossession became zero. The depreciated value of the machinery at the date of the sale was $10,026.87. It had depreciated during the 2 1/2 years to the extent that the value of the machinery upon repossession was only $1,105. Shortly after repossession, petitioner decided to let the building be demolished, giving the lumber to the person who tore down the building. The parties are agreed that there was no salvage value from the demolition of the building. The parties are agreed that petitioner sustained a loss upon "repossession of the depreciable property" in February 1940, under section 23 (f) of the Internal Revenue Code. Respondent agrees that petitioner is *300 entitled to a loss deduction in the taxable year in the full amount of the loss, whatever shall be determined to be the correct amount. In its income tax return for the taxable year, the fiscal year ended April 30, 1940, petitioner took a deduction in the amount of $8,041.80, as a loss sustained upon the repossession of the property. In its brief, petitioner states that the amount of $8,041.80 was computed in substantially the following way: Petitioner took the depreciated value of the depreciable properties at the date of sale, $12,861.62; from that petitioner deducted the total of the value of the depreciable properties repossessed, $1,105, and the total payments received, $1,714.82, or, $2,819.82, leaving $10,041.80. From the last amount petitioner subtracts $2,000, the amount of the allowable capital loss which was taken in the year of the sale, leaving $8,041.80, which petitioner contends is the loss sustained on repossession of the property. In determining the deficiency respondent determined that the loss sustained on repossession was $5,180.18. That amount was allowed as a loss deduction. Respondent disallowed $2,861.62 of the loss which petitioner took on its return. [ *301 Opinion] The facts are somewhat unusual but are simple. There is no contention made by respondent that petitioner should include in income of the taxable year the amount of $2,000 which was deducted in the year of the sale, by virtue of repossessing the property in the taxable year. See G.C.M. 12012, (1933) C.B. XII-2, p. 60. The repossession of the property was a transaction separate from the sale. See W. F. Gillies, 20 B.T.A. 570. Petitioner's computation leaves out of consideration one important fact, namely, that petitioner recovered the land, as well as the depreciable properties. There can be no question that the practical problem here involves consideration of all that petitioner recovered. The simple situation is that the vendee owed petitioner $8,285.18 on a conditional sales contract and the loss to petitioner must be the difference between that amount and the value of the property which was repossessed in the taxable year. The value of the building was zero; the value of the machinery was $1,105; and the value of the land must be assumed to have been $2,000, lacking evidence as to its fair market value at the date of the repossession. *302 The total value of the property recovered, therefore, was $3,105, and that amount must be applied to the unpaid balance on the conditional sales contract, as the amount which petitioner recovered in the taxable year. It follows that the loss which petitioner sustained was $5,180.18. It is held that petitioner sustained a loss of $5,180.18 in the taxable year upon the default of its vendee under the conditional sales contract. The result reached by respondent is sustained because petitioner's loss was no greater than he allowed. The method he followed in computing the loss appears to have been incorrect, but it is unnecessary to make any further determination. The reasoning applied here does not follow along the line of reasoning which either parties pursued in their respective briefs, and the arguments of each party were far apart. Petitioner and respondent seem to have erred in their respective approaches to the problem. The facts do not present the kind of situation to which section 19.44-4 of Regulations 103, at page 200, can be applied profitably. As we see the problem, it is exceedingly important to give consideration to the fact that after the sale in 1937 petitioner retained *303 as an asset a conditional sales contract with the vendee of the property in question. When the vendee became unable to comply with the contract petitioner's loss related to the contract. The expression "loss on repossession of the property" is confusing. It has been used hereinbefore for convenience, only, because the parties have used that expression. Not only is the expression confusing, but it diverts from the real issue, which is the loss sustained by petitioner upon the default of the vendee under the conditional sales contract. The loss, properly, is determinable by computing the value of the property recovered in part payment of the balance due upon the control. To be accurate, the issue here was not to determine a loss on the property recovered, after it had been recovered, (which view the parties have taken, and which has led to great confusion in the briefs) but, rather, to determine a loss on the conditional sales contract. As the parties were agreed on the facts, the answer to the question has been arrived at without difficulty, but it is somewhat accidental that the result reached, i.e., the amount of petitioner's loss in the taxable year, is the same as the result reached *304 by respondent. Decision will be entered for the respondent.